# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RANDY STANLEY, | : | |
| Petitioner, | : | Case No.  3:01CV483 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| LAWRENCE MACK, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon David P. Williamson's, ("Williamson") appointed counsel for Petitioner, Motion to Permit Interim Billing and Motion To Permit Excess Billing Over Cap Amount.  (Doc. #46, #47).

Williamson was appointed as Petitioner's counsel under 28 U.S.C. § 2254(h) and thus Williamson's compensation is limited to the maximum amounts allowed in 18 U.S.C. § 3006A. 28 U.S.C. § 2254(h).  This limit may be waived, however, by the Court for extended or complex representation if the Court certifies that "the amount of excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit."  18 U.S.C. § 3006A.  The chief judge can delegate this approval to an active circuit judge.  *Id.*

The excess of payment sought by Williamson is necessary to provide fair compensation, because of the extended amount of time he has put into this case.  Williamson was appointed to

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

represent Petitioner in this case on March 14, 2003 after Petitioner's original counsel withdrew from representation. Since then, considerable time has been expended by Williamson in retrieving and reviewing the previous counsel's records, preparation and subsequent filing of the Petitioner's traverse, and maintaining communication with Petitioner and his family members. (Doc. #47). Because of this the maximum amount should be waived and Williamson's Motion to Permit Excess Billing Over Cap should be granted. (Doc. #47).

Williamson's Motion to Permit Interim Billing is moot, because the case has terminated. (Doc. #46).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Williamson's Motion to Permit Excess Billing Over Cap Amount be **GRANTED**.

2. Williamson's Motion to Permit Interim Billing be **OVERRULED** as moot.

September 11, 2006                          s/ Sharon L. Ovington  
                                                               Sharon L. Ovington  
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).